05-CV-05079-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN J. VIVIAN,

    Petitioner,

    v.

UNITED STATES F AMERICA,

    Respondent.

Case No. C05-5079FDB

ORDER DENYING § 2255 PETITION

    Petitioner brings this 28 U.S.C. § 2255 action to challenge his sentence. Petitioner claims that his Sentencing Guidelines range was improperly enhanced by two levels for possession of a dangerous weapon, pursuant to USSG § 2D1.1(b)(1), without having had that factor proven to a jury beyond a reasonable doubt, in violation of the recent Supreme Court decision in *U.S. v. Booker*, ____ U.S. ____, 125 S. Ct. 738, 2005 WL 50108 (January 12, 2005). Petitioner asks that the Court re-sentence him without the two-level enhancement.

    Petitioner was indicted in March 2004 for Felon in Possession of a Firearm. On August 30, 2004, he entered a guilty plea pursuant to a written plea agreement to this firearm count and to a count of Conspiracy to Distribute Methamphetamine, as charged in a Superseding Information. The plea agreement contained certain stipulations, including, in pertinent part:

ORDER - 1

1        b.      A two-level upward adjustment because Defendant possessed a dangerous weapon in connection with the offense, pursuant to USSG § 2D1.1(b)(1).

2  [Plea Agr. ¶ 9]   Also, the plea agreement contained the notice that, by pleading guilty, he knowingly

3  and voluntarily waives the following rights." including "[t]he right, to the extent required by law, to

4  have sentencing factors charged in the Superseding Information or determined by a jury beyond a

5  reasonable doubt." [Plea Agr. ¶ 5.i.]

6        At the plea hearing, Petitioner repeatedly assured this Court, under oath, that he understood

7  and voluntarily entered into all of the waivers and stipulations contained in the plea agreement. The

8  Court specifically inquired as to the sentencing factors and stated:

9
10       THE COURT: ... In the process, you are expressly waiving the right to have these sentencing factors determined by a jury beyond a reasonable doubt. ... As to Count 2, you are agreeing here that ... a two level upward adjustment would be in order
11       because you possessed a dangerous weapon in connection with the drug offense.
             You understand that those are factors here that you are agreeing and
12       stipulating to?

13       THE DEFENDANT: Yes, sir.

14  [Exhibit 1 to USA Response at 15–16.] After entry of Petitioner's guilty pleas, the Court again

15  questioned him before accepting the pleas. The Court summarized all the trial rights Defendant was

16  giving up, including "a right to have those sentencing factors that I talked about, enhancement of the

17  sentence, under what we call the Blakely decision, you have the right to have all those done by a jury

18  and done so beyond a reasonable doubt . . . Do you understand that?" Defendant responded stating

19  "yes." [*Id.* at 22]   The Court then accepted the Petitioner's waivers and guilty plea. [*Id.* 23-24]

20  Both parties requested a sentence at the low end of the Guidelines' range: 168 months imprisonment.

21  [Dkts. 29 & 31] The Court accepted the plea agreement and imposed the requested 168-months

22  term. Petitioner never objected to this sentence or the two-level dangerous weapon enhancement in

23  the calculation. Petitioner was advised of his appellate rights, but filed no appeal.

24        Respondent argues that the imposition of the two-level fun enhancement to Petitioner's

25  sentence did not violate his Sixth Amendment right to a jury trial, because both *Booker* and *Blakeley*

26  ORDER - 2

1  *v. Washington*, 124 S. Ct. 2531 (2004) specifically permit such enhancement where the Defendant
2  admitted all the facts necessary to support the weapon enhancement in his plea agreement. *Blakely*
3  124 S.Ct. at 2537; *Booker*, 125 S.Ct. at 756. A criminal defendant validly may waive his Sixth
4  Amendment jury trial rights, as long as the waiver is "voluntary, knowing, and intelligent." And the
5  defendant is competent. *See Patton v. United States*, 281 U.S. 276, 312-13 (1930); *United States v.*
6  *Bishop*, 291 F.3d 1100, 1113 (9th Cir. 2002).

7  Additionally, Respondent argues that because Petitioner had a "full and fair" opportunity to
8  raise the claim in the District Court or to litigate the issue on direct appeal, but failed to do so, his
9  claim is not cognizable. *See, Stone v. Powell*, 428 U.S. 465 (1976)(Section 2254 case, but rationale
10 applies to Section 2255 cases.) The issue is deemed "defaulted" and may not be raised under Section
11 2255 except under unusual circumstances. *Withrow v. Williams*, 507 U.S. 680, 720-721 (1993)
12 The Petitioner has not demonstrated the requisite "cause" for the default and "prejudice" resulting
13 from it. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

14 Under the circumstances, the record shows that Petitioner validly waived his right to have a
15 jury determine those sentence-enhancing facts and agreed to the two-level increase. As a result,
16 Petitioner's request for a two-level reduction of his sentence is without merit.

17 ACCORDINGLY, IT IS ORDERED: Petitioner's Motion to Vacate, Set Aside, or Correct
18 Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. # 1] is DENIED.

20 DATED this 6th day of April, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26 ORDER - 3